# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADVANTAGE MEDICAL ELECTRONICS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 14-00045-CG-N ) |
| MID-CONTINENT CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case, filed in the Circuit Court of Mobile County, Alabama on March 20, 2013, was removed to this Court by Defendant Mid-Continent Casualty Company ("MCC"), pursuant to 28 U.S.C. § 1446(b)(3), on February 5, 2014. (*See* Doc. 1, notice of removal.) Plaintiff American Medical Electronics, LLC ("AME") timely moved to remand (*see* Doc. 5), on February 17, 2014, *see* 28 U.S.C. § 1447(c). That motion has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. MCC has now filed its opposition to the motion (*see* Doc. 14), and AME has now filed a reply in support of remand (*see* Doc. 17).

After consideration of the pleadings, and for the reasons explained herein, it is **RECOMMENDED** that the motion to remand (Doc. 5) be **GRANTED** and that this case be **REMANDED** to Mobile County Circuit Court, from whence it came. It is further **RECOMMENDED** that AME's request for attorney's fees incurred as a

result of removal be **DENIED**.

I.  Applicable Background

Briefly, this matter, filed by the insured, AME, is an action for declaratory judgment and breach of contract and concerns (1) two insurance policies written by MCC, and (2) an accident that occurred in December 2011, in Aiken, South Carolina. AME filed suit in state court on March 20, 2013. MCC moved to dismiss the lawsuit on April 18, 2013, and its motion was denied on November 1, 2013. Thereafter, in the course of discovery, AME responded to MCC-propounded requests for admissions ("RFAs") on January 6, 2014. Those responses triggered MCC's removal of this action on February 5, 2014.

II.  Analysis

A.  **Jurisdiction Generally**

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). And a federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Nevertheless, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal

statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411; *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction." (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996))); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'" (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))).

MCC must establish the propriety of removal under § 1441 and, therefore, "bears the burden of establishing the existence of federal jurisdiction[,]" *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)), which requires that MCC both establish complete diversity—that all plaintiffs are diverse from all defendants, *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *accord Auto-Owners Ins. Co. v. Great Am. Ins. Co.*, 479 Fed. App'x 228, 232 n.3 (11th Cir. June 21, 2012) (per curiam)—and show that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *see Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1314 (S.D. Ala. 2003).

B.   **Complete Diversity**

MCC has previously established, through competent proof,[1] that there is complete diversity. (*See generally* Docs. 4, 7, 8.) AME is an Alabama limited liability company, and its sole member is a citizen of Alabama. (*See* Doc. 7-1). MCC is incorporated in Ohio (*see* Doc. 7-4), and its principal place of business is Tulsa, Oklahoma (*see* Doc. 7-5).

C.   **Amount in Controversy**

1.   **Burdens of proof as to amount in controversy turn on *both* the allegations in the complaint *and* when a case is removed.**

"When the amount is controversy is in issue, the level of the defendant's burden of proof varies depending upon the allegations of plaintiff's state court complaint. Of course, in order to decide whether defendant[ has met his] burden of proof, the Court must determine exactly what that burden is." *Fitzgerald*, 282 F. Supp. 2d at 1312-13.

> [T]he burden a removing defendant must meet to prove the amount in controversy is related to the amount of deference given to the state court complaint. Generally, when a sum certain is stated, whether above or below the federal jurisdictional minimum, that assertion is given great deference, in large part, because of the presumption that plaintiff's counsel has acted in good faith in assessing damages. If the sum demanded in the complaint is above the jurisdictional minimum, a defendant's burden is light because it is unlikely that a plaintiff would

---

[1]   *See, e.g., Dixon v. DB50 2007-1 Trust*, No. 3:10–CV–35 (CDL), 2010 WL 5174758, at *2 (M.D. Ga. Dec. 15, 2010) ("The removing party's allegations of jurisdictional facts must be supported with competent proof." (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." (internal citations omitted)))); *cf. Travaglio v. American Express Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013).

4

falsely plead an amount that might result in removal from his chosen forum. On the other hand, if the sum demanded is below the jurisdictional minimum, a defendant's burden is heavy because it is presumed that plaintiff's counsel understands the implications of his representations and "is engaging in no deception." *Burns*, 31 F.3d at 1095. When the state court complaint is indeterminate, then an intermediate burden is placed upon the removing defendant since there is no representation by plaintiff's counsel that would be entitled to deference. *Tapscott*, 77 F.3d at 1356- 57.

*Id.* at 1314 (internal citations modified); *see also General Pump & Well, Inc. v. Martix Drilling Prods. Co.*, No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009) (citing *Fitzgerald*, 282 F. Supp. 2d at 1309, and stating, "If the case is a unique one, then Courts have crafted solutions to the question of burden to meet the unusual circumstances.").

This case "is a unique one[.]" First, as MCC's notice of removal recognizes (*see* Doc. 1, ¶¶ 4, 9), AME's state court complaint includes two *ad damnum* clauses, one after each claim. The clause following the first claim, for declaratory judgment, does not demand (understandably) a specific sum, and provides:

> Wherefore, the Plaintiff AME urges this Honorable Court to declare that Defendant MCC must defend Plaintiff AME for the threatened civil action to be filed against Plaintiff AME and Defendant MCC shall indemnify Plaintiff AME for all damages against AME relating to the accident of December 12, 2011 in Aiken, South Carolina.

(Doc. 1-1 at 28.) But the clause following the second claim, for breach of contract, specifically demands a sum below this Court's jurisdictional minimum: "Wherefore, the Plaintiff AME demands judgment against Defendant MCC in a sum beyond the jurisdictional minimum limits of this[, the state,] Court but less than $75,000." (Doc. 1-1 at 30.)

If only the first *ad damnum* clause controlled, the applicable burden of proof

5

would be, indeed, "intermediate."² And if only the second *ad damnum* clause controlled, MCC would be required "to prove to a legal certainty that [AME], if [it] prevailed, would not recover below [the jurisdictional minimum]." *Burns*, 31 F.3d at 1097. *Compare, e.g., Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1363 (M.D. Fla. 1998) (Plaintiff "made an unspecified demand for damages" because their "*ad damnum* clause does not specify any dollar amount, it merely makes a general demand for certain types of relief."), *with Ponce v. Fontainebleau Resorts, LLC*, 653 F. Supp. 2d 1297, 1303 (S.D. Fla. 2009) (concluding that *Burns*/legal certainty standard applied because the state court complaint makes a specific demand for damages in the *ad damnum* clause of the complaint).

The decision as to which burden of proof applies here is further affected by this case being removed more than ten months after its filing in state court.

**<u>When</u>** a case is removed—that is, which provision of 28 U.S.C. § 1446(b) ((b)(1) or (b)(3)) a removing defendant invokes—also governs the burden of proof as to amount in controversy. *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013) ("The removal procedure statute contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as 'first paragraph removals')[, and accomplished pursuant to 28 U.S.C. § 1446(b)(1),] involves civil cases where the jurisdictional grounds for

---

² As discussed further herein, because this case has been removed pursuant to § 1446(b)(3)—formerly known as removal pursuant to the second paragraph of § 1446(b)—and because AME has timely moved to remand, pursuant to § 1447(c), "*Lowery*'s unambiguously establish burden replaces *Tapscott*'s [preponderance of the evidence] burden[.]" *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1292 (M.D. Ala. 2011).

6

removal are apparent on the face of the initial pleadings. The second way (formerly referred to as 'second paragraph removals')[3] contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" (quoting 28 U.S.C. § 1446(b)(3) (footnote omitted)).[4]

MCC's removed this lawsuit pursuant to § 1446(b)(3); it occurred within 30

---

[3] As explained in *Jones*,

The now-defunct distinction between "first paragraph" and "second paragraph" removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112–63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing "first paragraph" and "second paragraph" removals is still applicable despite its outdated terminology. . . .

*Id.* at 1281 n.3.

[4] Congress, through § 1446(b), has established a "bifurcated removal approach," *Lee v. Lilly Trucking of Va., Inc.*, No. 2:12–cv–74–MEF, 2012 WL 960989, at *1 (M.D. Ala. Mar. 21, 2012), under which

a state court defendant may remove a case to federal court **at two procedurally distinct moments in time**. First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Such a removal must be accomplished "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based . . . ." § 1446(b)(1). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." § 1446(b)(3); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

*Id.* (emphasis added).

7

days of receipt of "other paper"—AME's responses to the RFAs (Doc. 1-2)—"from which[, MCC contends,] it may be first ascertained that th[is] case is one which is or has become removable . . . ." *Id.*; *see also Mikesell v. FIA Card Servs., N.A.*, 936 F. Supp. 2d 1327, 1331 (M.D. Fla. 2013) ("If the reason the case was non-removable on the face of the Complaint was limited to the amount in controversy, information later relaying the amount in controversy in the state record or in response to discovery is treated as 'other paper,' 28 U.S.C. § 1446(c)(3)(A)[,[5]] and a notice of removal may be filed within 30 days after receipt by the defendant of the other paper, 28 U.S.C. § 1446(b)(3).").

"The showing required [as to amount in controversy] turns on the particular provision relied upon as the basis for the removal[.]" *Rola v. Wal–Mart Stores, Inc.*, No. 6:11–cv–468–Orl–28DAB, 2011 WL 3156672, at *5 (M.D. Fla. June 29, 2011) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 & n.4 (11th Cir. 2010)), *report and recommendation adopted*, 2011 WL 3111965 (M.D. Fla. July 26, 2011). Indeed, § 1446(b)(1) "provides a much wider entry into federal court than does [§ 1446(b)(3)]." *Wilson v. Chester Bross Constr. Co.*, No. CA 11–0020–KD–C, 2011 WL

---

[5] This provision was also included in the 2011 amendments to the removal statute, and "appears to codify [that i]f the plaintiff answers **affirmatively**, the discovery response constitutes an 'other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Boyd v. Dolgencorp, Inc.*, Civil Action No. 5:12–CV–48–DCB–JMR, 2012 WL 3779952, at *2 & n.3 (S.D. Miss. Aug. 31, 2012) (quoting § 1446(b)(3)) (emphasis added); *accord Holley v. Madison Indus., Inc. of Ga.*, No. 4:12–CV–2243–VEH, 2012 WL 3771909, at *3 (N.D. Ala. Aug. 27, 2012); *compare id.*, *with Charleston v. Horsley*, No. CA 2:12–00183–KD–C, 2012 WL 3726760 (S.D. Ala. Aug. 8, 2012) (analyzing cases recognizing that, while denials of requests for admissions are technically considered "other paper" under § 1446(b)(3), a denial of an RFA may not offer much substantively concerning the amount in controversy), *report and recommendation adopted*, 2012 WL 3705089 (S.D. Ala. Aug. 27, 2012).

1380052, at *12 (S.D. Ala. Apr. 12, 2011) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010)); *accord Justice v. Provident Life & Acc. Ins. Co.*, No. CA 10–0624–KD–C, 2011 WL 560415, at *9 (S.D. Ala. Feb. 8, 2011), *report and recommendation adopted*, 2011 WL 814591 (S.D. Ala. Mar. 3, 2011). Two major decisions by the Eleventh Circuit, *Roe* and *Pretka*, followed *Lowery* and lightened the burden as amount in controversy for cases removed under § 1446(b)(1),[6]

---

[6] As explained in *Justice*, "the road offered for defendants in [§ 1446(b)(3)] is not an easy one to travel particularly since the word "ascertained" in that [section] is much different from the language contained in [§ 1446(b)(1)]." 2011 WL 560415, at *9 (citing *Pretka*, 608 F.3d at 760).

> "Setting forth," the key language of [§ 1446(b)(1)], encompasses a broader range of information that can trigger a time limit based on notice than would "ascertained," the pivotal term in [§ 1446(b)(3)]. To "set forth" means to "publish" or "to give an account or statement of." "Ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally.

*Pretka*, 608 F.3d at 760 (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)). This language is important . . . because, as noted in Pretka, it is a reminder to district courts that [§ 1446(b)(1)] provides a much wider entry into federal court than does the second paragraph of that section. *See id*. This is, in turn, partially because [§ 1446(b)(1)] does not "restrict the type of evidence that a defendant may use to satisfy the jurisdictional requirements for removal." *Id.* at 771; *see also id.* at 759 (a removing defendant can offer its "own affidavits or other evidence to establish federal removal jurisdiction[,]"); *id.* at 755 & 756 ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation-provided of course that removal is procedurally proper. . . . The other circuit courts of appeal that have addressed the issue agree with our circuit law that defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal. . . . No court of appeals decision we could find holds that a defendant may not submit its own evidence in order to satisfy the jurisdictional requirements of removal, and we conclude that the defendant can."); *id.* at 761 ("*Lowery*'s 'receipt from the plaintiff' rule has no application to cases, like this one, which are removed under [§ 1446(b)(1)].").

however, "[t]his Court agrees with the weight of authority in this circuit following *Roe* and *Pretka*, that the analysis set forth in *Lowery* still applies to [§ 1446(b)(3)] cases." *A.W. ex rel. Willis v. Wal-Mart Stores East, LP*, No. 6:12–cv–1166–Orl–36DAB, 2012 WL 5416530, at *4 & n.4 (M.D. Fla. Oct. 5, 2012) (collecting cases: *Brown v. Tanner Med. Ctr.*, No. 3:10–cv–316–TFM, 2010 WL 3328500, at *3 (M.D. Ala. Aug. 23, 2010) ("As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery*[.]"); *Jackson v. Litton Loan Servicing, L.P.*, No. 3:09–cv–1165–MEF, 2010 WL 3168117, *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b)."); *Newton v. BP P.L.C.*, No. CA 1:12–0205–KD–C, 2012 WL 2417335, *2 (S.D. Ala., June 8, 2012) ("This distinction—that the amount-in-controversy showing required turns on which provision of the removal statute applies to a particular case—continues to be followed by district courts in this Circuit."), *report and recommendation adopted*, 2012 WL 2401791 (S.D. Ala. June 26, 2012)), *report and recommendation adopted*, 2012 WL 5416519 (M.D. Fla. Nov. 6, 2012); *see also Wilson*, 2011 WL 1380052, at *14 n.9 ("Although courts have been critical of *Lowery*, until the Eleventh Circuit wholly revamps *Lowery* this Court must continue to insert a square peg into a round hole." (citations omitted)).

Under *Lowery*, "where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the

---

*Id.* (citation modified).

evidence." 483 F.3d at 1208; *see id.* at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate."); *see also SUA Ins. Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1250 (S.D. Ala. 2010) ("*Lowery* effectively requires that a [§ 1446(b)(3)] removal be based on a document that cannot reasonably be construed other than as reflecting that more than $75,000 is in controversy."). In *Lowery* the Eleventh Circuit further stated that "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal ***unambiguously establish*** federal jurisdiction[,]" *id.* at 1213 (emphasis added), a standard that seems to impose "a different and more rigorous burden than the preponderance of the evidence burden of *Tapscott*[,]" *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1291 (M.D. Ala. 2011); *SUA Ins. Co.*, 751 F. Supp. 2d at 1250 ("*Lowery*'s 'unambiguously establish' standard necessarily is more exacting than a preponderance of the evidence standard, and both of them cannot simultaneously apply"). Helpfully, however, the court in *Exum* explained, and the undersigned agrees, "that *Tapscott*'s preponderance of the evidence burden applies to a court's substantive jurisdictional inquiry and that *Lowery*'s unambiguously establish burden replaces *Tapscott*'s burden when a plaintiff challenges the procedural propriety of a removal under [§

11

1446(b)(3)] by[, as AME has done,] *timely* moving to remand under § 1447(c)[,]" *id.* at 1292 (emphasis added)[7]; *but see Collins v. Marten Transport, Ltd.*, No. 4:14–CV–0257–VEH, 2014 WL 972245, at *10 (N.D. Ala. Mar. 12, 2014) (A removing defendant satisfies the "preponderance of evidence standard applicable in § 1446(b)(3) removals by unambiguously establishing the amount in controversy as mandated under *Lowery*[.]").

> **2. Because a timely motion to remand has been filed, "*Lowery* preponderance" will guide the determination as to whether MCC has properly removed this action by showing that AME's responses to the RFAs unambiguously establish that the amount in controversy more likely than not exceeds the jurisdictional minimum.**

---

[7]     The court's discussion of this issue in *Exum* is extensive, *see id.* at 1291-93, but the easiest way to understand when these different burdens apply when a case is removed under § 1446(b)(3) may be

> to focus on whether the plaintiff is entitled to the protections of § 1446(b). In other words, when the plaintiff complies with § 1447(c) by filing a timely motion to remand, the plaintiff is then entitled to argue that the removal is defective under § 1446(b), which includes application of the *Lowery* burden of proof instead of the *Tapscott* burden of proof. However, when a plaintiff untimely moves to remand, the law is clear that the court shall consider only whether subject matter jurisdiction exists at all, which, in the context of assessing the removal of a complaint containing a demand for unliquidated damages, is governed by a preponderance of the evidence standard.

*Id.* at 1293 (footnotes and citations omitted). For example, in this Court's decision in *Wilson*, in announcing that the "unambiguously establish" standard applies, the Court focused on language in *Lowery* regarding the timely removal of the case there. *See Wilson*, 2011 WL 1380052, at *14 ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. ***This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c).*** In assessing whether removal was proper ***in such a case***, the district court has before it only the limited universe of evidence available when the motion is filed—i.e., the notice of removal and accompanying documents." (quoting *Lowery*, 483 F.3d at 1213-14) (emphasis added)).

12

The Court need not decide if AME's state court complaint triggers either *Burns* legal certainty or *Tapscott* preponderance because MCC's removal under § 1446(b)(3) and AME's timely motion to remand, pursuant to § 1447(c), require—at a minimum—application of *Lowery*'s "unambiguously establish" standard. As the case law discussed above establishes, a timely motion to remand a case removed under § 1446(b)(3) excludes application of the lower preponderance of the evidence standard in favor of the "more exacting" review set out in *Lowery*. *SUA Ins. Co.*, 751 F. Supp. 2d at 1250. In choosing to apply *Lowery*, the undersigned is not saying that *Burns* would not apply to the facts of this case, but because, as explained below, MCC has not carried its burden to show that AME's responses to the RFAs "unambiguously establish" that the amount in controversy more likely than not exceeds the jurisdictional minimum—a burden obviously lower than legal certainty—the Court need not consider whether *Burns* should apply in a case in which only one of two *ad damnum* clauses specifically requests an amount "below the jurisdictional minimum." *Fitzgerald*, 282 F. Supp. 2d at 1314. *But cf. Baker v. Dollar General*, 778 F. Supp. 2d 1267 (M.D. Ala. 2011) (in which the state court complaint demanded judgment "in the sum of $75,000 plus costs," the case was removed pursuant to other paper—responses to RFAs—and a timely motion to remand was filed; the parties contended that *Lowery* applied, but the court applied *Burns* legal certainty and remanded).

Foremost to the issue before the Court is that the amount in controversy determination here is necessarily limited to the "other paper"—AME's January 6,

2014 responses to RFAs—"from which[, MCC argues, it first could] be ascertained that [this] case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b)(3). The proper inquiry is, then, ***what is conveyed by AME's RFA responses as to the amount in controversy that MCC did not know before their receipt? And does that previously unknown information unambiguously establish the requisite minimum amount in controversy?*** *See, e.g., Justice*, 2011 WL 560415, at *10 (removal pursuant to § 1446(b)(3) improper if a removing defendant "had the very information it contends it lacked, or at the very least could have intelligently determined same, at the time the complaint was filed and, therefore, it should have removed this case within thirty (30) days of the filing of the complaint") (collecting cases).[8]

In its notice of removal, MCC points to a single RFA response, AME's response to RFA No. 4 (which requested that AME admit "[t]hat the value of the CT scanner allegedly damaged in the events of December 12, 2011 ***exceeds*** $75,000.00." (emphasis added)), to which AME responded: "Admitted. This scanner had

---

[8] *See id.* (citing *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1303 (M.D. Ala. 2003) (a removing party "cannot base the timing of its notice of removal on information allegedly obtained for the first time in a deposition when it legally possessed that information at an earlier date."); *Holloway v. Morrow*, Civil Action 07-0839-WS-M, 2008 WL 401305, at *3 n.4 (S.D. Ala. Feb. 11, 2008) ("[A] defendant cannot piggyback the § 1446(b) 30–day period on receipt of discovery responses containing information that it already possessed."); *Mendez v. Central Garden & Pet Co.*, 307 F. Supp. 2d 1215, 1217 (M.D. Ala. 2003) ("The defendant cannot base the timing of its notice of removal on information allegedly obtained for the first time in a deposition when it legally possessed that information at an earlier date." (citation and internal quotation marks omitted))); *see also South Dallas Water Auth. v. Guarantee Co. of N. Am., USA*, 767 F. Supp. 2d 1284, 1299 (S.D. Ala. 2011) ("[I]t is clear that 'the 30–day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable.'" (quoting *Holloway*, 2008 WL 401305, at *3)).

14

substantial residual value after the accident." (Doc. 1, ¶ 8; *see also* Doc. 1-2 at 5.) MCC's notice characterizes AME's response as admitting "that the value of the CT scanner ***exceeded*** $75,000.00[.]" (Doc. 1, ¶ 8 (emphasis added).) MCC uses that characterization of the RFA response in conjunction with the proceeding paragraph in the removal notice, which characterizes the state court complaint as alleging— without citation thereto—the CT scanner is "a total loss" (Doc. 1, ¶ 7 ("AME's Complaint alleges that . . . the CT scanner fell to the ground and was damages to the point of being a total loss.")), to argue that the damage to the CT scanner exceeds the minimum amount in controversy. In response, as alleged in the remand motion, AME first argues that, as to the CT scanner being "a total loss," its complaint contains "no such allegation[.]" (Doc. 5 at 3.) And MCC has failed to refute this. AME next argues that its response to RFA No. 4 was based on the assumption the RFA sought information concerning the present day/post-accident value of the CT scanner. (*See id.* at 3-4 (AME "made clear that [it] was responding to the present tense of 'exceeds' as set out in [MCC's RFA No. 4]. [AME] interpreted this ambiguous [RFA No. 4] by admitting that the value of the scanner ***exceeds*** $75,000.00 which is in the present tense which, as interpreted by [AME], refers to the value of the scanner ***after the accident***." (emphasis in original)).)

Whether "value" as used in RFA No. 4 refers to the CT scanner's pre- or post-accident value is indeed not clear. It appears, moreover, that by including "[t]his scanner had substantial ***residual*** value after the accident" in its response, AME interpreted the request as meaning post-accident value. Regardless, AME's

15

arguably ambiguous response to an arguably ambiguous request for an admission—the "other paper" this § 1446(b)(3) removal is based on—is not (1) information allegedly obtained for the first time that (2) unambiguously establishes that the amount in controversy exceeds $75,000. Thus, the response to RFA No. 4 does not carry MCC's burden under *Lowery*.

Perhaps sensing that AME's response to RFA No. 4 would not carry the day alone, MCC's notice of removal also includes a discussion of the state court complaint's request for indemnification. (*See* Doc. 1, ¶ 9; *see also id.* at 5.) In its response to the remand motion, MCC amplifies the argument: that AME's first cause of action, for declaratory judgment, has value that should be included in calculating the amount in controversy. (*See generally* Doc. 14.) This argument is no doubt correct—"[t]he amount in controversy as to the declaratory relief [sought] 'is the monetary value of the object of the litigation from [AME's] perspective.'" *Carolina Cas. Ins. Co. v. Tony's Towing, Inc.*, No. CA 11–0299–C, 2011 WL 4402147, at *4 (S.D. Ala. Sept. 22, 2011) (quoting *Weiner v. Tootsie Roll Indus., Inc.*, 412 Fed. App'x 224, 227 (11th Cir. Feb. 2, 2011) (per curiam) (in turn quoting *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen*, 204 F.3d at 1077))). The problem is, however, that MCC could have removed this case, based on that argument, within 30 days of its receipt of the complaint. It did not "ascertain" anything new—"or at the very least" anything that could have not already been "intelligently determined[,]" *Justice*, 2011 WL 560415, at *10—as to the complaint's declaratory judgment count from the "other paper" received

January 6, 2014.

Furthermore, MCC's attempt to cast AME's response to RFA No. 1—which was never discussed in the notice of removal—as "other paper" from which it first "ascertained" that "AME had erroneously and inaccurately valued their potential claim in the *ad damnum* clause contained in its original complaint" is similarly unavailing. (*E.g.,* Doc. 14 at 4.[9]) Very simply, any argument by MCC that it has been duped by AME's valuation of the claims in this lawsuit runs afoul of Eleventh Circuit precedent regarding § 1446(b)(1) removal. *See, e.g., Roe*, 613 F.3d at 1061 (where "a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is ***not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought***." (citing *Pretka*, 608 F.3d at 771) (emphasis added)). Just because MCC is now making a potentially credible argument that this case was removable under § 1446(b)(1), because of the value of the declaratory judgment sought in the complaint, does not mean that the case is now removable under §

---

[9] *See also id.* at 5 ("[S]ince AME's claim seeks a declaratory judgment requiring [MCC] to indemnify ***and defend*** AME from a potential subrogation action, [MCC] is undisputably [sic] entitled to include the costs related to defending AME when calculating the amount in controversy." (citation omitted and emphasis in original)); *id.* at 7 ("AME has indicated several times during the short pendency of this litigation to a general misunderstanding of the relief sought in the instant action. Specifically, AME has failed to account for the costs of defense and has failed to accurately appreciate the claim for indemnification."); *id.* at 8 ("[P]er AME's understanding of the instant action, a declaratory judgment does not seek 'damages' in an amount included in the amount of controversy and, given that, AME attributed no monetary value of their claim for relief under the Declaratory Judgment Act as indicated [in AME's response to RFA No. 1].").

17

1446(b)(3). The two inquiries, at least under current controlling case law in this Circuit, are very different.

Accordingly, just as in *Holloway v. Morrow*, Civil Action 07-0839-WS-M, 2008 WL 401305 (S.D. Ala. Feb. 11, 2008), "[t]he fundamental problem facing [the removing defendant] is that the Discovery Responses shed no more light on the removability of this action than the Complaint did." *Id.* at *3. Because "the jurisdictional amount is [not] stated clearly on the face of the ["other paper"] before the court, or readily deducible from [it], . . . the court must remand." *Lowery*, 483 F.3d at 1211.[10]

### III. Conclusion.

For the reasons explained herein, it is **RECOMMENDED** that the motion to remand (Doc. 5) be **GRANTED** and that this case be **REMANDED** to Mobile County Circuit Court, from whence it came. As to AME's request, made pursuant to 28 U.S.C. § 1447(c), for an award of attorney's fees incurred as a result of removal, because a thorough review of the parties' briefing reveals a colorable, although

---

[10] For the sake of completeness, the undersigned also explicitly rejects MCC's attempts to show that the requisite amount in controversy has been established through (1) its counsel's estimate of the value of a defense to AME in a subrogation suit and (2) the fact that AME did not respond to MCC's offer to stipulate regarding the amount in controversy. First, neither qualify as "other paper" received from AME—the plaintiff—and, thus, neither can be considered pursuant to *Lowery*'s "receipt from the plaintiff" rule. *See* 483 F.3d at 1214-15; *see, e.g., Massey v. SOKC, LLC*, No. 6:12–CV–470–Orl–36TBS, 2012 WL 4866935, at *3 (M.D. Fla. Oct. 15, 2012) ("[A] defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created." (*Pretka*, 608 F.3d at 761)). Next, AME's failure to respond to the offer to stipulate is not probative of much, if anything—"a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy." *Brown*, 2010 WL 3328500, at *3 (citing *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08–cv–309–MEF, 2009 WL 707403, at *4 (M.D. Ala. Mar. 16, 2009); *Jackson*, 2010 WL 3168117, at *6).

misplaced, but nevertheless objectively reasonable basis for removal, it is **RECOMMENDED** that the request be **DENIED**. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *see also Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1329-32 (11th Cir. 2006).

## IV. <u>Notice of Right to File Objections.</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of April, 2014.

                                     <u>/s/ Katherine P. Nelson</u>
                                     **KATHERINE P. NELSON**
                                     **UNITED STATES MAGISTRATE JUDGE**